**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**920 SOUTH BEACH BLVD., LLC**                                                     **PLAINTIFF**

**v.**                                               **CIVIL ACTION NO. 1:21-cv-263-TBM-RPM**

**CITY OF BAY SAINT LOUIS,**
**MISSISSIPPI; SWK, LLC;** *and*
**JAMES J. CHINICHE,** *P.A.*                                                 **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Located on the beach in Bay St. Louis, Mississippi, is the Plaintiff's 15-acre parcel of land, 920 South Beach Boulevard. In 2019, the City of Bay Saint Louis approved SWK, LLC's preliminary plat for a thirty-four-home subdivision on the 17-acre parcel next to the Plaintiff's property. Following the approval of the preliminary plat, the Plaintiff filed suit in this Court against the City of Bay Saint Louis, Mississippi, SWK, LLC, and James J. Chiniche, P.A., asserting various constitutional and state law claims. Since the filing of this action, however, it is undisputed that the preliminary plat has expired—and the Plaintiff concedes that its claims for substantive due process, equal protection, takings violations, and declaratory relief are now moot.

Despite the expiration of the preliminary plat, the Plaintiff argues that its procedural due process claims against each Defendant satisfy Article III's justiciability requirements. However, the Court finds that the Plaintiff lacks standing to assert its claims against Chiniche and SWK because the Plaintiff's injuries are not fairly traceable to either of these Defendants. And although the Court agrees that the Plaintiff's procedural due process claim against the City is justiciable, the Plaintiff nevertheless fails to state claim for relief because the process that was provided was constitutionally sufficient. For the reasons discussed below, this action is dismissed.

## I. FACTS AND PROCEDURAL HISTORY

920 South Beach Boulevard consists of 15 acres on the beach in Bay St. Louis, Mississippi. Next door is 928 South Beach Boulevard, 17 acres owned by SWK, LLC. In 2019, SWK sought to develop the 17-acres into a thirty-four-home subdivision. SWK hired the City of Bay St. Louis' engineer, James J. Chiniche, P.A., to draw a preliminary plat for the development. [50], ¶¶ 4, 25. SWK submitted an application to the City of Bay St. Louis for approval of the preliminary plat. [50], ¶ 16. The preliminary plat was advertised, and a public hearing was held before the City's Planning and Zoning Commission. At the hearing, the Plaintiff, who was represented by counsel, argued against preliminary plat approval. The Plaintiff argued that SWK's application allegedly did not comply with city ordinances, as the application failed to include: (1) a drainage plan; (2) a tree survey; (3) easements; and (4) grade, gradients, elevation, or width of roads. [50], ¶ 36. Despite the Plaintiff's arguments, the Planning and Zoning Commission voted to recommend plat approval to the City Council.

About a week later, the City Council held a public hearing and heard discussion from members of the public—including the Plaintiff, SWK, and SWK's retained engineer, Chiniche. At this hearing, SWK and Chiniche discussed its drainage plans for the first time—"after all other interested parties had spoken, and without allowing [the Plaintiff] notice of or opportunity to respond." [50], ¶25. Although the Plaintiff again argued against preliminary plat approval due to the alleged deficiencies in the application, the City Council unanimously approved the preliminary plat. The approval, however, was contingent on modifications to the preliminary plat to include easements, road plats, a complete tree survey, and the addition of two 25-foot buffers to adjacent properties. [50], ¶¶ 27, 28. The Plaintiff's procedural due process claims—the sole claims before this Court—arise out the alleged failure to be heard on these modifications.

The Plaintiff appealed the City Council's decision to the Circuit Court of Hancock County arguing that, in modifying the preliminary plat, the City "improperly approved an unapplied for, unadvertised and altered plat." [50], ¶ 28. The suit was dismissed on procedural grounds, and the Plaintiff appealed to the Mississippi Supreme Court. A decision reversing and remanding the Circuit Court's decision was handed down on October 20, 2022.

In the instant suit, the Plaintiff argues that the Defendants violated its constitutional rights—including its procedural due process right to be heard at a fair, neutral, and impartial hearing; substantive due process; equal protection; and takings violations. [50]. As for the Plaintiff's procedural due process claims, the Plaintiff specifically takes issue with the City's *modification* of the preliminary plat without advertisement or any alleged hearing or opportunity to be heard. Also, the Plaintiff complains how the City did not require SWK to submit grades and gradients of roads, which allegedly deprived the Plaintiff of the opportunity to be heard on those gradients, and how SWK did not submit other matters required of subdivisions that are within flood zones. [50], pp. 16-31.

The Defendants have each filed a Motion to Dismiss [53], [55], [57], pursuant to Rule 12(b)(1) arguing that the Plaintiff's claims must be dismissed for lack of subject matter jurisdiction.[1] [54], pg. 5; [56], pg. 8; *see also* [58], pg. 14. In the alternative, the City and SWK argue that the Plaintiff has failed to state a claim for a procedural due process violation, and that this matter must be dismissed pursuant to Rule 12(b)(6).[2] The Court will first address the jurisdictional arguments and will then turn to the merits of the Plaintiff's procedural due process claims.

---

[1] SWK joins the City's Motion to Dismiss "as to ripeness, plaintiff's failure to state a cognizable injury, failure to state a claim upon which relief can be granted, and *Burford* abstention." [58], pg. 14.

[2] Chiniche's Motion [53] does not present a 12(b)(6) argument.

## II. STANDARD OF REVIEW

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "In evaluating subject matter jurisdiction on a motion to dismiss a court may consider (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014). The burden of proof on a Rule 12(b)(1) motion lies with the party asserting jurisdiction. *Ramming*, 281 F.3d at 161.

Review of whether a complaint fails to state a claim under Rule 12(b)(6) involves a different set of considerations than a Rule 12(b)(1) motion. "The pleading standards for a Rule 12(b)(6) motion to dismiss are derived from Rule 8 of the Federal Rules of Civil Procedure, which provides, in relevant part, that a pleading stating a claim for relief must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *In re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). The Fifth Circuit has explained the *Iqbal/Twombly* standard as follows:

> In order for a claim to be plausible at the pleading stage, the complaint need not strike the reviewing court as probably meritorious, but it must raise 'more than a sheer possibility' that the defendant has violated the law as alleged. The factual allegations must be 'enough to raise a right to relief above the speculative level.'

*Oceanic Expl. Co. v. Phillips Petroleum Co. ZOC*, 352 F. App'x 945, 950 (5th Cir. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

The Court need not "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)). However, "[p]leadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." *Chaudhary v. Arthur J. Gallagher & Co.*, 832 F. App'x 829, 832 (5th Cir. 2020). "The issue is not whether the plaintiff[] will ultimately prevail, but whether [they are] entitled to offer evidence to support [their] claim[s]." *Cook v. City of Dallas*, 683 F. App'x 315, 318 (5th Cir. 2017) (citation omitted).

## III. SUBJECT MATTER JURISDICTION

In its Amended Complaint, the Plaintiff asserts various claims arising out of the City's approval of the preliminary plat contingent on certain modifications, which were allegedly made without notice or advertisement, and without allowing the Plaintiff the opportunity to be heard on these modifications. Specifically, the Plaintiff alleges violations of substantive and procedural due process, equal protection, and the takings clause for which the Plaintiff seeks injunctive and declaratory relief as well as damages. The Defendants argue that the Plaintiff's claims fail to satisfy Article III's case or controversy requirement and must be dismissed for lack of subject matter jurisdiction. In response to the Defendants' Motions, the Plaintiff concedes that its claims for substantive due process, equal protection, takings violations, and declaratory relief are now moot due to the expiration of the preliminary plat. Despite this, the Plaintiff argues that the expiration of the preliminary plat has no bearing on the justiciability of its procedural due process claims.

For the reasons discussed below, the Plaintiff's procedural due process claims for injunctive and declaratory relief are moot, but its claim for damages survives. The Court also finds that the Plaintiff lacks standing to assert its claims against Chiniche and SWK because the Plaintiff's injuries are not fairly traceable to these Defendants. Conversely, the Plaintiff has standing to assert its procedural due process claim against the City, which is ripe for review.

**A. Article III's case or controversy requirement**

"Article III of the United States Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Crane v. Johnson*, 738 F.3d 244, 251 (5th Cir. 2015) (citing U.S. Const. art. III, § 2). The judicial doctrines of standing, ripeness, and mootness have evolved from this constitutional restriction. *Henderson v. Stalder*, 287 F.3d 374, 378 (5th Cir. 2002). "In order to have standing to assert federal jurisdiction, a plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 424 (5th Cir. 2013) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998)). "Mootness is the doctrine of standing in a time frame. The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness)." *Deutsch v. Travis Cnty. Shoe Hosp., Inc.*, 721 F. App'x 336, 339 (5th Cir. 2018) (citations and internal quotations omitted). Finally, "[a] case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required." *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 833 F.2d 583, 587 (5th Cir. 1987) (citing *Thomas v. Union Carbide Agr. Prod. Co.*, 473 U.S. 568, 581, 105 S. Ct. 3325, 87 L. Ed. 2d 409 (1985)).

The party invoking federal jurisdiction bears the burden of demonstrating a standing to sue. *Lujan v. Def. Of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct 2130, 119 L. Ed. 2d 351 (1992). To meet

this burden "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [courts] 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan*, 504 U.S. at 561. The Court will address mootness, standing, and ripeness in turn.

## B. Mootness

To begin, the Plaintiff concedes that its claims for substantive due process, equal protection, takings violations, and declaratory relief are moot due to the expiration of the preliminary plat. But the Plaintiff nevertheless maintains that its procedural due process claim is justiciable. So, the Court must now determine whether the expiration of the preliminary plat renders moot the Plaintiff's requests for relief on its procedural due process claim.[3]

"The doctrine of mootness arises from Article III of the Constitution, which provides federal courts with jurisdiction over a matter only if there is a live 'case' or 'controversy.'" *Dierlam v. Trump*, 977 F.3d 471, 476 (5th Cir. 2020) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352, 126 S. Ct. 1854, 164 L. Ed. 2d 589 (2006)). This case-or-controversy requirement persists "through all stages of federal judicial proceedings." *Chafin v. Chafin*, 568 U.S. 165, 172, 133 S. Ct. 1017, 185 L. Ed. 2d 1 (2013). Thus, "[i]f an intervening event renders the court unable to grant the litigant 'any effectual relief whatever,' the case is moot." *Dierlam*, 977 F.3d at 476 (quoting *Calderon v. Moore*, 518 U.S. 149, 150, 116 S. Ct. 2066, 135 L. Ed. 2d 453 (1996)). But, "[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not

---

[3] Although the Defendants do not specifically address the mootness doctrine, its arguments give rise to a mootness analysis which the Court may address *sua sponte. Rocky v. King*, 900 F.2d 864 (5th Cir. 1990) ("Although both parties refer in passing to the question of mootness in their appellate briefs, it is unclear whether either of the parties has specifically raised this issue on appeal. Nevertheless, '[s]triking at the very heart of federal subject matter jurisdiction, a mootness issue quite clearly can be raised sua sponte if not addressed by the parties.'") (citation omitted).

moot." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307-08, 132 S. Ct. 2277, 183 L. Ed. 2d 281 (2012) (internal quotations and citation omitted).

"When conducting a mootness analysis, a court must not 'confuse[ ] mootness with the merits.'" *Dierlam*, 977 F.3d at 477 (quoting *Chafin*, 568 U.S. at 174). A court "need only ask whether the plaintiff's requested relief is 'so implausible that it may be disregarded on the question of jurisdiction[,]' " leaving for later "to decide whether [the plaintiff] is in fact entitled to the relief he seeks.'" *Id.* (quoting *Chafin*, 568 U.S. at 177). Because the question of mootness turns on each form of relief requested, this Court considers the Plaintiff's request for injunctive relief, declaratory relief, and damages separately. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012) ("A suit may become moot only as to a particular form of relief."); *Connell v. Shoemaker*, 555 F.2d 483, 486 (5th Cir. 1977) ("it is possible for a 'live' controversy to remain where some but not all issues in a case have become moot.") (citation omitted).

### i. Injunctive Relief

The Court lacks jurisdiction to consider the Plaintiff's request for injunctive relief because such relief is moot. Generally, "a request for an injunction is moot 'upon the happening of the event sought to be enjoined.'" *Wilson*, 667 F.3d at 595 (citing *Harris v. City of Houston*, 151 F.3d 186, 189 (5th Cir. 1998)). Here, the Plaintiff seeks to enjoin the Defendants from completing any work related to the approval of the preliminary plat. [50], pg. 37. It is undisputed, however, that the preliminary plat has expired—and therefore none of the work the Plaintiff seeks to enjoin can be completed. Because there "can be no meaningful relief granted by an injunctive order enjoining the defendants" from working pursuant to the preliminary plat, "this claim is moot." *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 426 (5th Cir. 2013); *Henschen v. City of Houston, Tex.*, 959 F.2d 584, 587 (5th Cir. 1992) (finding that "[t]ime has rendered moot [the

plaintiff's] request for immediate injunctive relief."); *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307, 132 S. Ct. 2277, 183 L. Ed. 2d 281 (2012) (finding that a case becomes moot when "it is impossible for a court to grant any effectual relief whatever to the prevailing party.") (internal quotation marks omitted); *Bayou Liberty Ass'n, Inc. v. U.S. Army Corps of Engineers*, 217 F.3d 393, 397 (5th Cir. 2000) (dismissing a claim for injunctive relief as moot where the relief would not "ease or correct the alleged wrong.").

### ii. Declaratory Relief

Like the Plaintiff's claim for injunctive relief, its claim for declaratory relief is also moot. The Plaintiff seeks a declaratory judgment that the Defendants "improperly modified the submitted preliminary plat in its approval, violating the notice and advertising requirements of the approval process," and thereby violated its procedural due process rights. [50], pg. 39. However, a "federal court may not issue a declaratory judgment unless there exists 'an actual controversy.'" *Am. States Ins. Co. v. Bailey*, 133 F.3d 363, 368 (5th Cir. 1998) (citation omitted). As discussed above, it is undisputed that the preliminary plat has expired. Thus, even if the Court were to issue the declaratory judgment, it would have no practical effect or provide any meaningful relief. *Bayou Liberty Ass'n, Inc. v. U.S. Army Corps of Engineers*, 217 F.3d 393, 397 (5th Cir. 2000) (finding the request for declaratory relief moot because "[g]ranting this relief would not affect the rights of the parties); *Green Valley Special Util. Dist. v. City of Schertz, Texas*, 969 F.3d 460, 469 (5th Cir. 2020) (holding a claim is moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party").

Indeed, such relief would serve merely as "a retrospective opinion that [the Plaintiff] was wrongly harmed by the [Defendants]." *Prison Legal News v. Fed. Bureau of Prisons*, 944 F.3d 868, 880 (10th Cir. 2019) (citation omitted). And "[a] claim for declaratory relief that does not 'settl[e]

. . . some dispute which affects the behavior of the defendant toward the plaintiff' is moot." *Prison Legal News*, 944 F.3d at 880 (citations omitted). Because the Plaintiff no longer suffers a redressable "actual injury" as required by Article III, the Plaintiff's request for declaratory relief is moot. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990); *Bayou Liberty Ass'n, Inc. v. U.S. Army Corps of Engineers*, 217 F.3d 393, 397 (5th Cir. 2000).

### iii. Damages

Although the Plaintiff's claims for injunctive and declaratory relief are moot, the Supreme Court has held that where due-process rights have been violated, "even if [plaintiffs] did not suffer any other actual injury, the fact remains that they were deprived of their right to procedural due process." *Carey v. Piphus*, 435 U.S. 247, 266, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978). "Because the right to procedural due process is 'absolute' . . . the denial of procedural due process should be actionable for nominal damages without proof of actual injury." *Carey*, 435 U.S. at 266. Because "an award of nominal damages can redress a past injury," the Plaintiff's procedural due process claim for damages is not moot. *Uzuegbunam v. Preczewski*, --- U.S. ----, 141 S. Ct. 792, 802, 209 L. Ed. 2d 94 (2021); *Carey*, 435 U.S. at 248 (awarding nominal damages for a violation of procedural due process); *Ward v. Santa Fe Indep. Sch. Dist.*, 35 F. App'x 386 (5th Cir. 2002) (collecting cases).

## C. Standing

The Court now turns to the Plaintiff's only remaining claim—its procedural due process claim for damages—and asks whether the Plaintiff had standing to assert such claims at the time suit was filed. "To establish Article III standing, a plaintiff must show (1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likel[ihood]' that the injury 'will be redressed by a favorable decision.'" *Lujan*, 504 U.S. at 560-61. Thus, if a plaintiff has not suffered an injury caused by the defendant that the court can remedy,

"there is no case or controversy for a federal court to resolve." *TransUnion LLC v. Ramirez*, --- U.S. ----, 141 S. Ct. 2190, 2203, 210 L. Ed. 2d 568 (2021) (quotation omitted).

### i. Injury in fact

"An injury in fact is 'an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.'" *Cibolo Waste, Inc. v. City of San Antonio*, 718 F.3d 469, 473 (5th Cir. 2013) (quoting *Lujan*, 112 S. Ct. at 2136). The injury-in-fact requirement "helps to ensure that the plaintiff has a 'personal stake in the outcome of the controversy.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 134 S. Ct. 2334, 2341, 189 L. Ed. 2d 246 (2014) (quoting *Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975)).

In procedural due process cases, courts are especially cautious with the injury-in-fact analysis because it often overlaps with "the merits of whether a protected property interest exists." *Brooks v. Butler Cnty., Ohio*, No. 21-4129, 2022 WL 2526601, at *3 (6th Cir. Jul. 7, 2022) (citing *Bell v. Hood*, 327 U.S. 678, 682-83, 685, 66 S. Ct. 773, 90 L. Ed. 939 (1946)); *Rector v. City & Cnty. of Denver*, 348 F.3d 935, 943 (10th Cir. 2003). But "standing in no way depends on the merits of the plaintiff's" claims. *Warth*, 422 U.S. at 500 (citing *Flast v. Cohen*, 392 U.S. 83, 99, 88 S. Ct. 1942, 20 L. Ed. 2d 947 (1968)); *Carey*, 435 U.S. at 266. Even though a plaintiff's claim may ultimately fail on the merits, this does not mean that the Plaintiff is deprived of standing to assert it. *See Trump v. Hawaii*, --- U.S. ----, 138 S. Ct. 2392, 2416, 201 L. Ed. 2d 775 (2018)). While a plaintiff bringing procedural due process claims can establish an injury in fact by showing "that they had an identifiable personal stake in the property rights at issue," *Santiago–Ramos v. Autoridad de Energía Eléctrica de Puerto Rico, AEE*, 834 F.3d 103, 106 (1st Cir. 2016) (citing *Bingham v. Massachusetts*, 616 F.3d 1, 7 (1st Cir. 2010)), the Fifth Circuit has held that, even if a plaintiff's

stake does not rise to the level of a liberty or property interest, "it may be 'enough to satisfy the injury-in-fact requirement of standing.'" *Pierre v. Vasquez*, No. 20-51032, 2022 WL 68970, at *2 (5th Cir. Jan. 6, 2022) (citing *Sims v. Young*, 556 F.2d 732, 734 (5th Cir. 1977)); *Lujan*, 504 U.S. at 572 n.7 (finding that the plaintiff had standing to assert a procedural right "even though he cannot establish with any certainty" the desired outcome of the procedure). Thus, the question before the Court is not whether the Plaintiff has alleged a protected property interest, but instead "whether the plaintiff's alleged injury is 'concrete,' 'particularized,' and 'actual or imminent.'" *Pierre*, 2022 WL 68970 at *2.

Here, the Plaintiff asserts that the City violated its procedural due process rights by modifying the preliminary plat without notice or advertisement, and without allowing the Plaintiff the opportunity to be heard. According to the Plaintiff, the "actionable injury . . . is the deprivation of procedural due process to Plaintiff," which "accrued at the time of the violation." [63], pp. 9-10. But the Plaintiff is not entirely correct. The Supreme Court has held that the mere allegation of a procedural injury alone is insufficient to state an injury in fact for standing purposes. *Summers v. Earth Island Inst.*, 555 U.S. 488, 496, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009) (finding that the "deprivation of a procedural right without some concrete interest that is affected by the deprivation—a procedural right *in vacuo*—is insufficient to create Article III standing."); *Parsons v. U.S. Dep't of Just.*, 801 F.3d 701, 713 (6th Cir. 2015) (treating a procedural due process claim as a "procedural injury" for standing purposes). Instead, a plaintiff must allege a deprivation of a procedural right that affects some *concrete* interest. *Deutsch v. Annis Enterprises, Inc.*, 882 F.3d 169, 173 (5th Cir. 2018); *see Summers*, 555 U.S. at 496; *see also Lujan*, 112 S. Ct. at 2143 (explaining that a plaintiff can enforce a procedural right "so long as the procedures in question are designed to protect some threatened concrete interest of his that is the ultimate basis of his standing.").

The Supreme Court recently clarified the concrete-injury requirement in *Trans-Union LLC v. Ramirez*, ---U.S.----, 141 S. Ct. 2190, 210 L. Ed. 2d 568 (2021). There, the Court "reiterated that a purported injury is not concrete for purposes of Article III unless it has a 'close relationship' to a harm traditionally recognized as providing a basis for a lawsuit in American courts." *Perez v. McCreary, Veselka, Bragg & Allen*, P.C., 45 F.4th 816, 821 (5th Cir. 2022) (quoting *TransUnion LLC*, 141 S. Ct. at 2200) (internal quotations omitted). To show how the concrete harm principle "operates in practice," the Court provided an analysis of two different hypothetical plaintiffs. *Trans-Union LLC*, 131 S. Ct. at 2205.

> Suppose first that a Maine citizen's land is polluted by a nearby factory. She sues the company, alleging that it violated a federal environmental law and damaged her property. Suppose also that a second plaintiff in Hawaii files a federal lawsuit alleging that the same company in Maine violated that same environmental law by polluting land in Maine. The violation did not personally harm the plaintiff in Hawaii.

The Court explained that although both hypothetical plaintiffs sued under the same statue, only the first suffered personal damage. Thus, the Court found that a plaintiff who "has not suffered any physical, monetary, or cognization intangible harm . . . is, by definition, not seeking to remedy any harm to herself but instead is merely seeking to ensure a defendant's 'compliance with regulatory law' . . . Those are not grounds for Article III standing." *Trans-Union LLC*, 131 S. Ct. at 2206.

With this example in mind, the Court now turns to the instant action. As a result of the City's allegedly improper approval of the preliminary plat, the Plaintiff argues that the City violated certain ordinances which caused injury to the Plaintiff's own property including, "the imminent risk of increased water, hazards, and flooding" as well as injury to its "property value . . . through density, congestion, loss of view and trees, increased water and waterborne debris on the

property." [63], pg. 8; [50], pg. 7. The Sixth Circuit recently found similar injuries to be sufficiently concrete for purposes of Article III standing. *Brooks v. Butler Cnty., Ohio*, No. 21-4129, 2022 WL 2526601, at *3 (6th Cir. July 7, 2022). In *Brooks v. Butler County, Ohio*, the Sixth Circuit found that the plaintiffs—who each lived within a block of the proposed development—had standing to assert their procedural due process claims because the plaintiffs specified how the city's authorization of the variance would impact their own property interests. *Brooks*, 2022 WL 2526601 at *3.

Similarly, in *Neighbors for Notice LLC v. City of Seattle*, the plaintiffs brought due process claims under the Fourteenth Amendment arguing that the city of Seattle allowed a home to be developed on a lot that did not meet the city's minimum lot size requirements without public notice or process. *Neighbors for Notice LLC v. City of Seattle*, No. C12-2098-TSZ, 2013 WL 5211878, at *3 (W.D. Wa. Sep. 17, 2013). The plaintiffs lived within 100 feet of the newly constructed home and alleged that they were deprived of the opportunity to "challenge the development due to the lack of notice and, as a result, suffered harm." *Neighbors for Notice LLC*, 2013 WL 5211878 at *3. The court held that "[t]hese allegations constitute a sufficient injury to support Article III standing. *Id.*

Additionally, some courts have found an allegation of non-economic damages in procedural due process cases is sufficient to confer standing. In *Coates v. Hall*, the plaintiffs alleged violations of substantive and procedural due process, equal protection, tortious interference, and takings claims. *Coates v. Hall*, 512 F. Supp. 2d 770 (W.D. Tex. 2007). The court found that because "[t]he Supreme Court has held that a denial of procedural due process is actionable for nominal damages without proof of actual injury," the plaintiffs alleged "non-economic damages sufficient to confer standing." *Coates*, 512 F. Supp. 2d at 781.

Accordingly, the injuries alleged by the Plaintiff have a "close relationship" to harms traditionally redressed by the courts. *See Brooks*, 2022 WL 2526601 at *3 (satisfying the concrete

element requires a plaintiff to allege an injury that is "real and not abstract," which usually requires showing that the injury is of a type traditionally redressed by the courts) (citing *Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 861 (6th Cir. 2020) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016))). Based on the Supreme Court's analysis in *Trans Union*, and upon consideration of other relevant case law, the Court finds that the injuries alleged are concrete and particularized to the Plaintiff for purposes of Article III standing. *See Lujan*, 504 U.S. at 566 (explaining that standing to sue may not be predicated upon "generalized interest of all citizens in a constitutional governance.").

Having found that the injuries alleged are concrete and particularized to the Plaintiff, the Court must now determine whether the injuries alleged were "actual or imminent, not conjectural or hypothetical." *Deutsch*, 882 F.3d at 173. Although the Defendants argue that the expiration of the preliminary plat renders the Plaintiff's claims "merely conjectural or hypothetical," the Court disagrees. [54], pg. 9; *see also* [56], pg. 13. Standing is determined at the time suit is filed, and it is undisputed that the preliminary plat had not expired when the Plaintiff filed suit. *Lujan*, 504 U.S. at 570 n.5. It is enough that, at the time suit was filed, that the injuries alleged would impact the Plaintiff's property. *See Delaware Riverkeeper Network v. FERC*, 243 F. Supp. 3d 141, 150 (D.D.C. 2017). Accordingly, the Defendant's argument is without merit.

For the reasons discussed fully above, the Court finds that the Plaintiff has alleged an injury-in-fact for purposes of Article III standing. The Court now turns to whether the alleged injury is fairly traceable to each Defendant.

### ii. Traceability

Whether the injury is "fairly traceable" to the challenged conduct is often called the "causation" requirement. *See* 13A Charles Alan Wright & Arthur R. Miller, Federal Practice and

Procedure § 3531.5 (3d ed. 1998, Apr. 2022 update). The burden for sufficiently pleading causation

as an element of standing "is relatively modest." *Bennett v. Spear*, 520 U.S. 154, 168-71, 117 S. Ct.

1154, 137 L. Ed. 2d 281 (1997). It is not equivalent to proving proximate cause. *Lexmark Int'l, Inc.*

*v. Static Control Components, Inc.*, 572 U.S. 118, 134 n.6, 134 S. Ct. 1377, 188 L. Ed. 2d 392 (2014).

Nor is it equivalent to proving strict but-for causation. *Khodara Env't, Inc. v. Blakey*, 376 F.3d 187,

195 (3d Cir. 2004) ("Article III standing demands 'a causal relationship,' but neither the Supreme

Court nor our Court has ever held that but-for causation is always needed."). The central inquiry

is whether there is "a causal connection between the injury and the conduct complained of."

*Lujan*, 504 U.S. at 560. Accordingly, the Court must determine whether the Plaintiff's alleged

injuries are "fairly traceable" to each Defendant, individually.

### a. The City

The Court finds that the Plaintiff easily meets the traceability requirement as to the City.

In its Amended Complaint, the Plaintiff specifically asserts that the City "when it modified the

plat . . . grant[ed] SWK a variance without advertisement or hearing, and [the City] approved this

without allowing comment from the public, violating procedural due process rights." [50], pp. 6,

28. The Plaintiff also alleges that the City "deprived [the Plaintiff] a fair and neutral hearing by

allowing its engineer to also represent SWK." [50], pp. 5, 24. Based on these allegations and others

found within the Amended Complaint, the Plaintiff has alleged that the deprivation of procedural

due process—and the injuries arising out of the alleged deprivation—"is the consequence of [the

City's] actions." *Warth*, 422 U.S. at 505.

### b. Chiniche and SWK

The Plaintiff has not, however, met the traceability requirement as to Chiniche or SWK.

While "general factual allegations of injury resulting from the defendant's conduct may" satisfy a

plaintiff's burden at the pleadings stage, *Lujan*, 504 U.S. at 561, traceability nevertheless "requires something more than conjecture." *Env't Texas Citizen Lobby, Inc. v. ExxonMobil Corp.*, 968 F.3d 357, 368 (5th Cir. 2020). Upon review of the Amended Complaint, the Plaintiff has not shown a "causal connection" between Chiniche and SWK's role in the alleged deprivation of the Plaintiff's procedural due process rights. Instead, the Plaintiff's allegations against Chiniche and SWK sound more in the context of a dual-agency or equal protection claim rather than procedural due process.

For example, the Plaintiff alleges that Chiniche is the "City Engineer" and was hired by SWK "to sway the city" to approve the preliminary plat. [50], pg. 18. But the Plaintiff does not allege anywhere in the Amended Complaint that Chiniche was hired to prevent the Plaintiff from *speaking* on the modifications to the preliminary plat, which is the basis of its procedural due process claim. And while the Plaintiff alleges that the "Defendants acted in concert in all these matters" and "violated . . . Plaintiff's protected procedural due process rights by denying Plaintiff notice and opportunity to be heard, and denied it the right to a fair and neutral and impartial tribunal," the Plaintiff does not go so far as to allege that it was Chiniche or SWK that denied the Plaintiff the right to be heard on these issues. [50], ¶ 120, 161. Indeed, only the City could prevent the Plaintiff from speaking.

The Plaintiff also asserts that "SWK and Chiniche failed to provide . . . the mandated grades and gradients of proposed roads, easements and pavement width of roads." [50], pg. 28. According to the Plaintiff, "[t]hrough this dual agency of Chiniche, BSL and SWK collectively denied [the Plaintiff] . . . [its] due process rights . . . and failed to provide a fair and neutral hearing." [50], pg. 18. Therefore, it is the Plaintiff's position that Chiniche and SWK "acted in concert . . . and under color of law with" the City in depriving the Plaintiff of its procedural due process rights. [50], pp. 4-5. Despite the Plaintiff's allegations that Chiniche and SWK "acted in concert with"

the City, the Plaintiff wholly fails to allege that the denial of its procedural due process rights was due to "the consequence of [Chiniche or SWK's] actions." *Warth*, 422 U.S. at 505. Instead, that allegation is against the City alone. [50], ¶¶ 105-106. Without more, the Plaintiff has not shown a "causal connection" between the conduct of Chiniche or SWK and its allegation that it was prevented from speaking about the modifications to the preliminary plat. *Lujan*, 504 U.S. at 560.

Therefore, the Court finds that the allegations against SWK are not "general factual allegations of injury resulting from the defendant's conduct" but instead are mere conjecture. *Lujan*, 504 U.S. at 561; *Environment Texas Citizen Lobby, Incorporated*, 968 F.3d at 368. With no injury that is "fairly traceable" to Chiniche or SWK, the Plaintiff lacks standing to assert its claims against these Defendants. Accordingly, the Plaintiff's claims against Chiniche and SWK are dismissed without prejudice.

### iii. Redressability

The Supreme Court has recognized that "procedural due process rights are special: The person who has been accorded a procedural right to protect his concrete interests can assert that right without meeting all the normal standards for redressability and immediacy." *Lujan*, 504 U.S. at 572 n.7. Indeed, "[w]hen a litigant is vested with a procedural right, that litigant has standing if there is some possibility that the requested relief will prompt the injury-causing party to reconsider the decision that allegedly harmed the litigant." *Massachusetts v. E.P.A.*, 549 U.S. 497, 127 S. Ct. 1438, 1453, 167 L. Ed. 2d 248 (2007) (citations omitted). "That is because the stakes in most procedural-injury cases involve merely a 'lost [] chance to' secure a concrete interest." *Rice v. Vill. of Johnstown, Ohio*, 30 F.4th 584, 492 (6th Cir. 2022) (quoting *Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451, 464, 137 S. Ct. 973, 197 L. Ed. 2d 398 (2017)).

Here, the redressability inquiry is straightforward as the Plaintiff seeks economic damages. The Supreme Court has found that even "a request for nominal damages satisfies the redressability element of standing where a plaintiff's claim is based on a completed violation of a legal right." *Uzuegbunam v. Preczewski*, --- U.S. ----, 141 S. Ct. 792, 802, 209 L. Ed. 2d 94 (2021). Accordingly, the Plaintiff's request for damages satisfies the redressability requirement because nominal damages alone may be awarded in cases of procedural injury. *See, e.g., Carey*, 435 U.S. at 248 (finding that "the denial of procedural due process should be actionable for nominal damages without proof of actual injury."); *see also Rice v. Vill. of Johnstown, Ohio*, 30 F.4th 584, 594 (6th Cir. 2022).

## D. Ripeness

With only the Plaintiff's procedural due process claim for damages against the City remaining, the Court must now determine whether the claim is ripe for review. The City argues that the Plaintiff's procedural due process claim is not ripe because there was no final decision "with respect to the challenged land use decision." [56], pg. 8; [58], pg. 14. In other words, it is the City's position that the Plaintiff's procedural due process claim is ancillary to its takings claim. But the Plaintiff argues that its procedural due process claims amount to a complained of injury that is separate from its takings claims. [63], pg. 13. Specifically, the Plaintiff argues that the "injury in a procedural due process claim is not the liberty or property that was taken from the plaintiff, but the fact that it was taken without sufficient process." [63], pg. 9. Accordingly, the Court must first determine whether the Plaintiff's procedural due process claim is "ancillary" to or "separately cognizable" from its takings claim. *Bowlby v. City of Aberdeen, Miss.*, 682 F.3d 215, 223-24 (5th Cir. 2012) (quoting *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1045 n.6 (5th Cir. 1998) (instructing courts to distinguish between procedural due process claims that involve

allegations of deprivations "ancillary" to or "arising from" a takings claim from those claims "whose main thrust . . . is not a claim for a taking.")); *Nasierowski Bros. Inv. Co. v. City of Sterling Heights*, 949 F.2d 890, 894 (6th Cir. 1991) (explaining "[c]onceptually, in the case of a procedural due process claim, "the allegedly infirm process is an injury in itself," . . . whereas, in the context of a takings claim, the alleged injury—a diminution in property value—cannot be assessed with any degree of certainty until the municipality arrives at a final decision as to how the property owner will be permitted to develop his property.").

In cases where procedural due process claims are ancillary to the takings claim, the ripeness depends on the ripeness of the takings claim. *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 224 (5th Cir. 2012). But when procedural due process claims are "separately cognizable" from a takings claim, the ripeness inquiry is independent from the ripeness of the takings claim. *Bowlby*, 681 F.3d at 224. This is because "where the injury that resulted from an alleged procedural due process violation is merely a taking without just compensation, [a court] cannot know whether the plaintiff suffered any injury until the takings claim has been adjudicated." *Rosedale Missionary Baptist Church v. New Orleans City*, 641 F.3d 86, 91 (5th Cir. 2011) (citation omitted). Thus, where a procedural due process claim is coextensive with the takings claim, a court should permit state takings procedures to "run their course" before adjudicating the procedural due process claim. *Rosedale Missionary Baptist Church*, 641 F.3d at 91.

Conversely, "where a plaintiff's procedural due process claim asserts facts which implicate injuries broader than those occasioned by a taking without just compensation, such as 'economic injuries' and 'inadequate pre-deprivation due process,' which is itself actionable . . . the procedural due process claim does not completely overlap with the takings claim." *Chaney v. City of Ocean Springs, Mississippi*, No. 1:18-cv-30-HSO, 2019 WL 11408218, at *7 (S.D. Miss. Mar. 12, 2019)

(citing *Archbold-Garrett v. New Orleans City*, 893 F.3d 318, 324 (5th Cir. 2018)). This is because where a procedural due process claim is cognizable separate and apart from a takings claim, a plaintiff's potential damages for the due process violation and for the takings claim are not coextensive. *Chaney*, 2019 WL 11408218 at *7. Accordingly, a procedural due process claim that is brought concurrently with a takings claim "should not be analyzed under the principles of *Williamson County*, but according to 'general ripeness principles.'" *Bowlby*, 682 F.3d at 223 (citation omitted); *see Williamson Cnty. Reg'l Plan. Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 105 S. Ct. 3108, 87 L. Ed. 2d 126 (1985) (explaining the Court's "reluctance to examine taking claims until such a final decision has been made.").

In determining whether the Plaintiff's procedural due process claim is "ancillary" to or "separately cognizable" from its takings claim, the Court looks to the allegations within the Amended Complaint. The Plaintiff specifically alleges that it has been deprived of its Fourteenth Amendment right to "procedural due process, including without limitation, the right to notice and a hearing, and participation in all stages of process." [50], pg. 43. On the other hand, the Plaintiff asserts that the City violated "the takings clause by inversely condemning Plaintiff's property, by both severely damaging the value of Plaintiff's property, and taking Plaintiff's reasonable investment backed expectations through improper actions that violated the City's regulations." [50], pg. 4. Thus, on the face of the Amended Complaint, the Plaintiff's procedural due process claim is premised on the City's failure to provide it the opportunity to be heard on the

modifications made to the preliminary plat rather than diminution of property value.[4] Other courts have found such allegations to be "separately cognizable" from a takings claim.

In *Archbold-Garrett v. New Orleans City*, the plaintiffs alleged that "their due process claim challenges injuries different from their takings claim because it concerns 'the means by which the deprivation was effected, not the deprivation itself.'" *Archbold-Garrett*, 893 F.3d at 322. Because the plaintiffs alleged inadequate pre-deprivation due process in addition to a taking without just compensation—rather than claiming that the taking without just compensation was the plaintiffs' only injury—the Fifth Circuit found that the plaintiffs' procedural due process claim did not overlap with their takings claim. *Id.* at 323.

Similarly, in *Bowlby v. City of Aberdeen, Mississippi*, the Fifth Circuit found the plaintiff's procedural due process claim to be "separately cognizable" from a takings claim where the plaintiff challenged a land use decision "in isolation, as a single decision with its own consequences, rather than as one in a series of . . . actions resulting in a taking." *Bowlby*, 682 F.3d at 225 (quoting *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1045 n.6 (5th Cir. 1998) n.6). The court explained that the plaintiff did not seek damages for "the value of any destroyed real property" but instead argued that "process was due before revoking her business permits." *Id.* Therefore, the Fifth Circuit held that the plaintiff's procedural due process claim was ripe. *Id.*

The Ninth Circuit was also presented with a similar issue. There, the plaintiff alleged as part of his taking claim that the county's decision "finally and authoritatively took his property. In contrast to [the plaintiff's] taking claim, however, his procedural due process claim challenges the

---

[4] Even if the Plaintiff had standing to assert its due process claims against Chiniche and SWK, the Court alternatively finds that they overlap with the takings claim because the Plaintiff does not separately allege that Chiniche and SWK specifically denied due process to the Plaintiff. That allegation is against the City alone.

rezoning decision in isolation, as a single decision with its own consequences, rather than one in a series of actions County actions resulting in a taking." *Harris v. Cnty. of Riverside*, 904 F.2d 497, 501 (9th Cir. 1990). Because the plaintiff's procedural due process claim did not "directly arise from, or rely on, his taking claim," the Ninth Circuit held that the ripeness analysis was separate from the ripeness of the plaintiff's taking claim. *Id.*

The Southern District of Mississippi also conducted a similar analysis in *Chaney v. City of Ocean Springs, Mississippi. Chaney*, 2019 WL 1140218 at *8. The plaintiffs in *Chaney* alleged, in addition to damages caused by the taking itself, "that they were damaged because they were deprived of an opportunity to appear at the City's hearing and argue in support of their building permit." Judge Ozerden found that the plaintiffs' procedural due process claim was subject to a separate ripeness analysis because the plaintiffs alleged "other damages which go beyond the diminution in value or loss of use of their property." For example, the "plaintiff's procedural due process claim asserts facts which implicate injuries broader than those occasioned by a taking without just compensation." Thus, the court found that the plaintiffs' procedural due process claim was ripe.

Finally, the Southern District of Texas in *Sheffield v. Bush* found that the plaintiffs' procedural due process claim was "distinct from an uncompensated taking." *Sheffield v. Bush*, 604 F. Supp. 3d 586, 601 (S.D. Tex. 2022). The court explained that the plaintiffs "alleged injury is not that the Order appropriated the easement, but that the Order deprived the homeowners of notice and a hearing before imposing repair and construction restrictions on their property." *Sheffield*, 604 F. Supp. 3d at 600. After considering general ripeness principles, the court found that the plaintiffs' procedural due process claim was "fit and ready for a judicial determination." *Id.* at 601.

Like the plaintiffs in the cases discussed above, the Plaintiff seeks damages for the deprivation of due process itself—instead of only damages premised on the damage to its property value. Therefore, the Court finds that the Plaintiff's procedural due process claim is "separately cognizable" from the takings claim, as the Plaintiff's potential damages for the due process violation and for the takings claim are not coextensive. *See e.g., R Bend Ests. II, LLC v. St. John the Baptist Par.*, No. CV 15-4951, 2016 WL 4087490, at *3 (E.D. La. Aug. 2, 2016) (finding procedural due process claim ancillary to plaintiffs' takings claim where plaintiffs allege that the defendant "repeatedly refused to issue them permits and/or zoning variances, which has denied Plaintiffs the ability to develop their property for a legally permissible use, which, in turn, amounts to a taking of Plaintiffs' property"); *Willis v. City of Hattiesburg, Mississippi*, No. 2:13-cv-218-HSO, 2014 WL 1151556, at *3 (S.D. Miss. Jul. 14, 2014) (finding that the plaintiffs "vaguely allege that the City took their property without procedural or substantive due process" and because the "gravamen of Plaintiffs' procedural due process claim is the taking, this procedural due process claim is not separately cognizable from Plaintiffs' charge that they were denied full compensation from the alleged taking.").

Turning now to the general ripeness principles, courts are directed "'[to] dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical." *Monk v. Huston*, 430 F.3d 279, 282 (5th Cir. 2003) (quoting *New Orleans Public Service, Inc.*, 833 F.2d at 586). In making this determination, courts consider "(1) the fitness of the issue for judicial decision and (2) the hardship to the parties of withholding court consideration." *Bowlby*, 681 F.3d at 224 (quoting *Rosedale Missionary Baptist Church*, 641 F.3d at 91).

A procedural due process injury is complete at the time that process is denied. *Bowlby*, 681 F.3d at 222 (citing *Zinermon v. Burch*, 494 U.S. 113, 125, 110 S. Ct. 975; 108 L. Ed. 2d 100 (1990)).

The Plaintiff's injury, therefore, is not abstract or hypothetical and this matter is currently fit for judicial decision. Additionally, the Plaintiff would certainly suffer a hardship if the Court withheld a decision on a claim that is fit for judicial decision. Indeed, the Plaintiff has alleged that its procedural due process rights were violated, and has had no recourse thus far. *Bowlby*, 681 F.3d at 226. Like in *Bowlby*, the Plaintiff "is also being forced to wait to find out if a court will award [] any damages, and if so, in what amount. And since the Plaintiff's potential procedural due process damages are not dependent on its takings claim, 'requiring that [the Plaintiff] continue to wait does not benefit either party.'" *Id.* Based on the record currently before the Court, the Plaintiff's procedural due process claims are ripe for review.

### IV. PROCEDURAL DUE PROCESS

It is worth repeating that while the Plaintiff alleged a legally protected interest for standing purposes, that does not mean the Plaintiff has alleged a protected property interest sufficient to bring a procedural due process claim. *Brooks*, 2022 WL 2526601 at *5; *Pierre*, 2022 WL 68970 at *2 (citing *Sims*, 556 F.2d at 734); *Lujan*, 504 U.S. at 572 n.7. This is because "standing in no way depends on the merits of the plaintiff's" claims. *Warth*, 422 U.S. at 500 (citing *Flast*, 392 U.S. at 99). Having already address the justiciability of the Plaintiff's procedural due process claim, the Court now turns to the merits. For the purposes of this analysis, the Court will assume without deciding that the Plaintiff has alleged a protected property interest in the proper enforcement of City ordinances with regard to adjoining property. Although the Plaintiff argues that the modifications to the preliminary plat deprived it of procedural due process, the Court disagrees. Upon review of the process provided to the Plaintiff, the Court finds that it was constitutionally adequate. Accordingly, the Plaintiff's procedural due process claim against the City is dismissed with prejudice.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the Unites States; nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. In sum, the Due Process Clause of the Fourteenth Amendment encompasses a guarantee of fair procedure. *Zinermon v. Burch*, 494 U.S. 113, 125, 110 S. Ct. 975, 108 L. Ed. 2d 100 (1990). It is well-settled, however, that the deprivation by state action of a constitutionally protected interest is not itself a violation of procedural due process. *Zinermon*, 494 U.S. at 125. Instead, it is the deprivation of such an interest without due process of law that is unconstitutional. *Id*. In other words, the Constitution does not create property interests, but rather protects them. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985).

When conducting a due process analysis, courts must first ask "whether there exists a liberty or property interest of which a person has been deprived." *Swarthout v. Cooke*, 562 U.S. 216, 219, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011); *see also Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). Only if a liberty or property interest has been alleged, do courts then "ask whether the procedures followed by the [defendant] were constitutionally sufficient." *Swarthout*, 562 U.S. at 861. In assessing this issue, the Court is mindful of the general proscription that "federal courts should not become zoning boards of appeal to review nonconstitutional land[-]use determinations by the [C]ircuit's many local legislative and administrative agencies." *Sullivan v. Town of Salem*, 805 F.2d 81, 82 (2nd Cir. 1986). Indeed, "the Due Process Clause does not function as a general overseer of arbitrariness in state and local land-use decisions; in our federal system, that is the province of the state courts." *Zahra v. Town of Southold*, 48 F.3d 674, 680 (2nd Cir. 1995).

The Court begins its analysis by determining whether the Plaintiff has alleged a protected property interest. A property interest includes a "legitimate claim of entitlement" to some benefit created and defined by "existing rules or understandings that stem from an independent source such as state law." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972); *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 757, 125 S. Ct. 2796, 162 L. Ed. 2d 658 (2005). "But even when state law creates an interest, federal constitutional law determines whether due-process protections apply to it. *Hudson v. Jones Cnty.*, No. 2:10-cv-147, 2011 WL 4625428, at *5 (S.D. Miss. Oct. 3, 2011) (quoting *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 9, 98 S. Ct. 1554, 56 L. Ed. 2d 30 (1978)); *RR Village Ass'n, Inc. v. Denver Sewer Corp.*, 826 F.2d 1197, 1201 (2nd Cir. 1987) (citing *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 9, 98 S. Ct. 1554, 1560, 56 L. Ed. 2d 30 (1978)).

Within the Amended Complaint, the Plaintiff alleges that it has a protected property interest in the enforcement of the City's zoning ordinances against an adjoining property. [50], pp. 34, 38-39, 42; *see also* pp. 7, 10-11, 17, 20-21, 26-33, 35, 39-40. The Plaintiff discusses at length the City ordinances which it believes have been violated by the City, including: Section 401 and 303 of the Subdivision Regulations; Sections 22-32 through 22-37 of the Stormwater Ordinance; Flood Ordinance; and Tree Ordinances. [50], pg. 42. In relation to these ordinances, the Plaintiff specifically argues that "the City's act of approving SWK's preliminary plat application is unlawful" because the Subdivision Regulations prohibit subdivisions in flood zones, prohibits rights-of-way for streets along properties that are not dedicated to the plat, and because SWK failed to submit grades and gradients of roads as required by the Subdivision Regulations. *See* [50], pp. 5-6. "Hence, [the City] ignored [the Plaintiff's] rights to protect subdivision of adjacent property in this zone, and protection from the accompany flood hazards." [50], pg. 42. The Plaintiff also

argues that SWK failed to submit "the stormwater control plan required by those sections," a "drainage plan with subdivision proposals . . . to ensure zero rise in flood levels," and a tree survey. [50], pg. 6. In failing to require compliance with the zoning ordinances, the Plaintiff asserts that the City's approval and modification of the preliminary plat would have damaged the Plaintiff's property.

The Plaintiff's claim is unusual, "more typically, the plaintiff asserts that it personally was denied a permit without due process of law, not that someone else was granted a permit without the decisionmaker following the procedure established by state law." *Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008) (citing *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 191 (2d Cir. 1994) (describing argument as "rather unique")). And it is not clear to this Court whether the Plaintiff "could ever have a constitutionally protected interest in the proper application of zoning restrictions to neighboring properties." *Shanks*, 540 F.3d at 1090; *see Horton v. City of Smithville*, 117 Fed. App'x 345, 347-48 (5th Cir. 2004); *Sumner v. Bd. of Adjustment of the City of Spring Valley Village*, No. H-12-2551-KPE, 2013 WL 1336604, at *5 (S.D. Tex. Mar. 29, 2013); *Gagliardi v. Village of Pawling*, 18 F.3d 188, 192 (2nd Cir. 1994). But given the uniqueness of this argument, and the process that was ultimately provided, the Court will assume without deciding that the Plaintiff has such an interest.

"[O]nce it is determined that the Due Process Clause applies, the question remains what process is due." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985). The Supreme Court has noted that the question regarding "what process is due" is not answered by state law or local ordinances but by constitutional benchmarks. *Loudermill*, 470 U.S. at 541-42. Indeed, "[f]ailure to comply with state law does not . . . automatically translate into a deprivation of procedural due process under the United States Constitution." *Chandler v. Vill.*

*of Chagrin Falls*, 296 F. App'x 463, 472 (6th Cir. 2008) (citations omitted). Instead, "the Supreme Court has held that the hallmark of due process is that a deprivation of a property interest must be 'preceded by notice and opportunity for hearing appropriate to the nature of the case.'" *Loudermill*, 470 U.S. at 542 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313, 70 S. Ct. 652, 94 L. Ed. 865 (1950)); *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976) (noting that the Supreme Court "consistently has held that some form of hearing is required before an individual is finally deprived of a property interest").

In evaluating whether a particular process comports with the requirements of due process, courts "assess the adequacy of procedures by balancing the government's interest against the private interest affected by the action, the risk of an erroneous deprivation, and the value of additional safeguards." *Licari v. Ferruzzi*, 22 F.3d 344, 347 (1st Cir. 1994) (citing *Mathews*, 424 U.S. at 335). The Supreme Court, in applying this test, "usually has held that the Constitution requires some kind of hearing before the State deprives a person of liberty or process." *6420 Roswell Rd., Inc. v. City of Sandy Springs, Georgia*, 484 F. Supp. 3d 1321, 1333 (N.D. Ga. 2020) (citing *Zinermon*, 494 U.S. at 127).

Applying the factors set forth in *Mathews v. Eldridge*, the Court begins its analysis by first describing the procedural protections afforded to the Plaintiff. *See Licari*, 22 F.3d at 347; *Mathews*, 424 U.S. at 335. After SWK submitted an application to the City for approval of the preliminary plat, the preliminary plat was advertised, and a public hearing was held before the City's Planning and Zoning Commission. The Plaintiff, upon reviewing SWK's application for preliminary plat approval, was aware that SWK's application allegedly did not comply with the City's ordinances. Accordingly, the Plaintiff, who was represented by counsel, attended the hearing before the Planning and Zoning Commission and argued against preliminary plat approval. There, the

Plaintiff specifically argued that SWK's application violated City ordinances by failing to include: (1) a drainage plan; (2) a tree survey; (3) easements; and (4) grade, gradients, elevation, or width of roads. [50], ¶ 36. Despite the Plaintiff's argument, the preliminary plat was recommended for approval to the City Council. The City Council also held a public hearing and heard discussion from members of the public—including the Plaintiff and Plaintiff's counsel. Although the Plaintiff again argued against preliminary plat approval due to the alleged deficiencies in the application, the City Council unanimously approved the preliminary plat. The approval, however, was contingent on SWK modifying the preliminary plat to include easements, road plats, a complete tree survey, and the addition of two 25-foot buffers to adjacent properties—which addressed most of the Plaintiff's concerns with the preliminary plat. [50], ¶¶ 27, 28. The Plaintiff argues it should have had one more opportunity to speak about the modifications to the preliminary plat before the preliminary plat was approved.

Additionally, after the approval of the preliminary plat, the Plaintiff appealed the City's decision to the Circuit Court of Hancock County. The suit was dismissed on procedural grounds, and the Plaintiff appealed to the Mississippi Supreme Court. The Mississippi Supreme Court agreed with the Plaintiff and handed down a decision reversing and remanding the Circuit Court's dismissal on October 20, 2022. The matter remains pending in the Circuit Court of Hancock County.[5]

"[P]rocedural due process is simply a guarantee of fair procedure." *Aponte-Rosario v. Acevedo-Vila*, 617 F.3d 1, 10 (1st Cir. 2010). And here, the Plaintiff was afforded the opportunity to participate in two hearings before the City where the preliminary plat was discussed. Pursuant to

---

[5] *See* Mandate from the Mississippi Supreme Court issued on January 26, 2023. https://www.courts.ms.gov/index.php?cn=93938#dispArea.

*Schafer v. City of New Orleans*, the Plaintiff has "certainly received procedural due process. [The Plaintiff] had actual notice of the introduction of the ordinance, appeared at the hearing preceding its adoption, and availed themselves of the opportunity to argue against its adoption. This sufficed." *Schafer v. City of New Orleans*, 743 F.2d 1086, 1089 (5th Cir. 1984) (citing *Cafeteria & Rest. Workers Union, Loc. 473, AFL-CIO v. McElroy*, 367 U.S. 886, 894-95, 81 S. Ct. 1743, 1748, 6 L. Ed. 2d 1230 (1961); *Mathews*, 424 U.S. at 340-49); *see also Abraham v. City of Mandeville*, 638 F. Supp. 1108, 1113 (E.D. La. 1986), *aff'd,* 814 F.2d 657 (5th Cir. 1987) (finding plaintiffs' procedural due process claim without merit because "plaintiffs were given due notice of the many meetings of the Commission and the Council regarding the rezoning of the property" and explaining that "they had an adequate opportunity to participate and be heard."); *but see Bowlby*, 681 F.3d at 221 (finding a procedural due process violation where the plaintiff was "not provided *any* process.").

Viewing the *Mathews* factors, this Court cannot say that the Plaintiff was deprived of the minimum procedural constitutional guarantees to which it was entitled. *See Aponte-Rosario v. Acevedo-Vila*, 617 F.3d 1, 10 (1st Cir. 2010). But even if the Plaintiff was not provided constitutionally adequate process, the Plaintiff's procedural due process claim nevertheless fails because adequate state remedies are available—and the Plaintiff has taken advantage of those remedies by appealing the City Council's decision to the Circuit Court of Hancock County, which is currently pending. *See Goodman v. City of Cape Coral*, 581 F. App'x 736, 739 (11th Cir. 2014) ("We have repeatedly articulated the basic rule that a procedural due process violation has not occurred when adequate state remedies are available.") (collecting cases); *Zinermon v. Burch*, 494 U.S. 113, 128, 110 S. Ct. 975, 108 L. Ed. 2d 100 (1990) ("In some circumstances, however, the Court has held that a statutory provision for a postdeprivation hearing, or a common-law tort remedy for erroneous deprivation, satisfies due process."); *see also Pennington v. Teufel*, 396 F.

Supp. 2d 715, 722 (N.D.W. Va. 2005), *aff'd sub nom. Pennington v. Tuefel*, 169 F. App'x 161 (4th

Cir. 2006) (finding that "[e]ven if the Court were to find that Plaintiffs had a protectable property

interest in obtaining plat approval, their claim would nevertheless be dismissed because state law

provides adequate post-deprivation remedy."). For these reasons, the City's 12(b)(6) Motion to

Dismiss the Plaintiff's procedural due process claims is granted, and the Plaintiff's procedural due

process claim is dismissed with prejudice.

## V. CONCLUSION

**IT IS THEREFORE ORDERED AND ADJUDGED** that James J. Chiniche P.A.'s

Motion to Dismiss [53] pursuant to Rule 12(b)(1) is GRANTED and the Plaintiff's claims against

James J. Chiniche P.A. are dismissed without prejudice.

**IT IS FURTHER ORDERED AND ADJUDGED** that the City of Bay Saint Louis,

Mississippi's Motion to Dismiss [55] pursuant to 12(b)(1) and 12(b)(6), or in the alternative to

abstain, is DENIED in part and GRANTED in part.[6] The Plaintiff's procedural due process claims

against the City of Bay Saint Louis are DISMISSED WITH PREJUDICE

**IT IS FURTHER ORDERED AND ADJUDGED** that SWK, LLC's Motion to Dismiss

[57] pursuant to 12(b)(1) and 12(b)(6) is GRANTED and the Plaintiff's claims against SWK, LLC

are dismissed without prejudice.

This, the 31st day of March, 2023.

**TAYLOR B. McNEEL**
**UNITED STATES DISTRICT JUDGE**

---

[6] The Court previously ruled on the City's *Burford* abstention argument at the hearing conducted in this matter on June 15, 2022. Because the Court's ruling focused primarily on the Plaintiff's procedural due process claims, the Court finds it unnecessary to reconsider this argument. For the reasons previously announced on the record, the Court does not find that a *Burford* abstention applies as this stage of the proceedings.